IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARTHUR DINGLE | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv93 |
| JUDGE JOHN STEVENS, JR., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Marthur Dingle, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brings this civil rights action against Judge John Stevens, Jr., Assistant District Attorney Mike Laird and the Port Arthur, Texas, Police Department.

## Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391. When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Jefferson County, Texas. His claims concerning such events therefore arose in Jefferson County. In addition, the individual Defendants appear to reside in Jefferson County. Pursuant to 28 U.S.C. § 124, Jefferson County is located in the Eastern District of Texas. As a result, venue regarding plaintiff's claims is proper in this court.

However, while Jefferson County is in the Eastern District of Texas, it is in the Beaumont Division, rather than the Lufkin Division. When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, Plaintiff's claims will be transferred to the Beaumont Division of this court.

ORDER

For the reasons set forth above, it is **ORDERED** that this matter is transferred to the Beaumont Division of this court.

**SIGNED this the 31st day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE